UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

        Plaintiff,

  v.

ALLEN C. HASSAN, MD, INC., Individually and dba ALLEN C. HASSAN, MD, ALLEN C. HASSAN

        Defendants.

NO. CIV. 2:08-cv-1314 FCD KJM

ORDER

----oo0oo----

This matter is before the court on defendant Allen C. Hassan, MD's ("defendant") motion for leave to amend his answer to add an affirmative defense. Plaintiff Scott Johnson ("plaintiff") opposes the motion. For the reasons set forth below,[1] defendant's motion is GRANTED.

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs. E.D. Cal. L.R. 230(g).

1  govern amendment of the pleadings.  See Johnson v. Mammoth
2  Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); Eckert
3  Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33 (E.D. Cal.
4  1996).  Orders entered before the final pretrial conference may
5  be modified "only for good cause."  Fed. R. Civ. P. 16(b).  The
6  good cause requirement of Rule 16 primarily considers the
7  diligence of the party seeking the amendment.  The pretrial
8  scheduling order can only be modified "if it cannot reasonably be
9  met despite the diligence of the party seeking the extension."
10 Mammoth Recreations, 975 F.2d at 609.
11      When evaluating whether a party was diligent, the Ninth
12 Circuit has determined that "the focus of the inquiry is upon the
13 moving party's reasons for modification."  Id. at 610.  When the
14 proposed modification is an amendment to the pleadings, the
15 moving party may establish good cause by showing "(1) that [he or
16 she] was diligent in assisting the court in creating a workable
17 Rule 16 order; (2) that [his or her] noncompliance with a rule 16
18 deadline occurred or will occur, notwithstanding [his or her]
19 diligent efforts to comply, because of the development of matters
20 which could not have been reasonably foreseen or anticipated at
21 the time of the Rule 16 scheduling conference; and (3) that [he
22 or she] was diligent in seeking amendment of the Rule 16 order,
23 once it became apparent that [he or she] could not comply with
24 the order."  Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D.
25 Cal. 1999)(citations omitted).
26      In this case, defendant was originally represented by
27 counsel, Joseph Marmon ("Marmon").  (Decl. of Allen C. Hassan
28 ("Hassan Decl."), filed Sept. 23, 2010, ¶ 7.)  Defendant asserts

that he had discussed with Marmon the issue of whether compliance under the Americans with Disabilities Act (the "ADA") was "readily achievable" and believed that it had been asserted as an affirmative defense in his Answer.  (Id. ¶ 7.)  On January 12, 2010, Marmon withdrew as counsel for defendant.  (Id. ¶ 8.)  Sometime in March 2010, defendant entered into a representation agreement with another attorney, Kenneth R. Smith ("Smith").  (Id. ¶ 9.)  However, after Smith became ill in August 2010, he ceased representing defendant.  (Id. ¶ 12.)  Thereafter, defendant, appearing on his own behalf, raised the issue of a "readily achievable" defense for the first time in the Joint Pretrial Conference Statement, filed September 2, 2010.  At the pretrial conference held on September 10, 2010, the court granted defendant leave to file a motion to amend his answer.  A jury trial is set fo April 12, 2011.

   Based upon the submissions of the parties, the court concludes that good cause has been shown to allow defendant to amend his Answer to raise an affirmative defense regarding whether compliance is "readily achievable."  Defendant presents evidence that he believed his prior attorney had properly pled such a defense and that he was not aware that such a defense had not been pled until he began representing himself in August 2010.  Defendant raised this issue on September 2, 2010, through submission of the Joint Pretrial Conference Statement.  As such, the court concludes that defendant was reasonably diligent in discovering the omission and requesting amendment under the circumstances of this case.  Therefore, defendant's motion for

3

leave to amend is GRANTED.  Defendant shall file an amended answer within ten (10) days of the issuance of this order.

In light of the court's ruling, plaintiff is entitled to an opportunity to undertake additional discovery on the newly asserted affirmative defense.  Accordingly, all discovery shall be completed by **January 15, 2011**.  All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial no later than **January 30, 2011**.  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **February 15, 2011**, any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no later than</u> **March 11, 2011**.

IT IS SO ORDERED.

DATED: October 29, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE